IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

**BRITTANY BONGIOVANNI,** et al.,

    Plaintiffs,

v.

**LLOYD AUSTIN, III**, in his official capacity as Secretary of Defense, U.S. Department of Defense, et al.,

    Defendants.

Case No. 3:22-cv-00237

## NOTICE OF A RELATED ACTION

Pursuant to Local Rule 1.07, the Government hereby notifies the Court of the pendency of the following related actions pending in the Middle District:

- *Crosby v. Austin*, No. 8:21-cv-02730-TPB-CPT (Judge Barber)
- *Navy Seal 1 v. Biden*, No. 8:21-cv-02429-SDM-TGW (Judge Merryday)

In addition to these cases, several other actions are pending in district courts outside the Middle District that raise claims related to the Secretary of Defense's directive that Service Members vaccinate against COVID-19. Defendants will provide additional information on those actions as directed by the Court.

Defendants call the Court's attention to *Crosby v. Austin* in particular. In November 2021, three Plaintiffs joined in this case—Jessica Caldwell, Paul Dee, and John Hyatt—filed a nearly identical Complaint. Compl., *Crosby v. Austin*, No. 8:21-cv-02730, ECF No. 1 (M.D. Fla. Nov. 19, 2021). On February 22, 2022, after a hearing on a preliminary injunction motion, the *Crosby* court issued an order severing

1

all claims—including the claims raised by Caldwell, Dee, and Hyatt here—without prejudice to commencing "*individual actions in appropriate venues.*" Order, *Crosby v. Austin*, No. 8:21-cv-02730, ECF No. 44 at 4 (M.D. Fla. Feb. 22, 2022) (emphasis added). The court explained that "the differences between their claims are too numerous to promote judicial economy," *id*. at 3, and favored individual actions. Resolution of claims—"such as the religious claims—would require a separate analysis and involve different proof[.]" *Id*.[1] Despite the *Crosby* court's order, Plaintiffs Caldwell, Dee, and Hyatt, have joined with sixteen additional plaintiffs to bring yet another action in the Middle District.

In addition, there is a discrepancy between the operative complaint in *Crobsy* and the Complaint filed in this case. The operative complaint in *Crosby* alleges that Plaintiff Dee is domiciled in New Jersey and that Plaintiff Hyatt is domiciled in Hawaii. *Crosby* Compl. ¶¶ 17, 21. Moreover, Plaintiffs Dee and Hyatt have filed a sworn statement under penalty of perjury attesting that they are respectively domiciled in New Jersey and Hawaii. Declaration of Paul Jeffrey Dee In Support of Plaintiffs' Complaint and Motions, *Crosby v. Austin*, ECF No. 1-1 at 16-21 ¶ 5; Declaration of John T. Hyatt in Support of Plaintiffs' Complaint and Motions, *id*. at 36-45 ¶ 6. In the

---

[1] For example, each plaintiff raising a RFRA or Free Exercise Clause claim must independently demonstrate a substantial burden on "a belief, not a preference, that is sincerely held and religious in nature, not merely secular[.]" *GeorgiaCarry.org, Inc. v. Georgia*, 687 F.3d 1244, 1256 (11th Cir. 2012). For each plaintiff that makes these showings, under RFRA, the burden shifts to the Government to "demonstrate that the application of the burden to the person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling government interest." *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 424 (2006). Each of these issues must be separately analyzed with respect to each plaintiff.

Complaint and sworn statements that they filed in this action, Plaintiffs alleged that Dee and Hyatt are both domiciled in Tampa, Hillsborough County, Florida. Compl. ECF No. 1 ¶¶ 12, 17; Declaration of Cap. Paul J. Dee in Support of Plaintiffs' Complaint and Motions, ECF No. 1-1 at 23-26 ¶ 5; Supplemental Declaration of John T. Hyatt in Support of Plaintiffs' Complaint and Motions, ECF No. 1-1 at 56-67 ¶ 5.

Accordingly, the Court may wish to consider whether this lawsuit complies with the order of the court in *Crosby*, including whether the claims of Caldwell, Dee, and Hyatt are properly before this Court.

Dated: March 3, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/ Liam C. Holland*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
STUART J. ROBINSON
Senior Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
LIAM C. HOLLAND
CASSANDRA M. SNYDER
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

              1100 L Street, N.W.
              Washington, DC 20005
              Tel: (202) 514-4964
              Fax: (202) 616-8460
              Email: liam.c.holland@usdoj.gov

*Counsel for Defendants*