UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERIN DAVIS, et al.,

    Plaintiffs,

vs.                                               Case No. 3:22-cv-237-MMH-MCR

LLOYD AUSTIN, III, in his official
capacity as Secretary of Defense,
and FRANK KENDALL, in his
official capacity as Secretary of the
Air Force,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court <u>sua sponte</u>. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See <u>Kirkland v. Midland Mortg. Co.</u>, 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction <u>sua sponte</u> whenever it may be lacking."). "Among other limitations, the federal courts' jurisdiction is circumscribed by Article III [of the Constitution]'s case or controversy requirement." <u>Kelly v. Harris</u>, 331 F.3d 817,

819 (11th Cir. 2003) (citations omitted). "Mootness is among the important limitations placed on the power of the federal judiciary and serves long-established notions about the role of unelected courts in our democratic system." Nat'l Advertising Co. v. City of Miami, 402 F.3d 1329, 1332 (11th Cir. 2005). As a result, the court lacks subject matter jurisdiction over moot claims, as any opinion rendered on such a claim would be an impermissible advisory opinion. See id. (citations omitted). In light of section 525 of the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023, Pub. L. No. 117-263, 136 Stat. 2395, and the Secretary of Defense's Memorandum of January 10, 2023, the Court questions whether the instant case is moot.

Accordingly, it is

**ORDERED:**

1. The parties are **DIRECTED** to confer and file a notice with the Court on or before February 24, 2023. The notice shall state the parties' positions on whether this case is moot.

2. If the parties disagree on mootness, the following briefing schedule shall govern this case:

    A. Defendants shall have until **March 24, 2023**, to file a memorandum addressing mootness.

    B. Plaintiffs shall have until **April 21, 2023**, to file a memorandum in response.

3. Pending completion of the supplemental briefing and resolution of the Court's subject matter jurisdiction inquiry, the Court **DEFERS** resolution of Defendants' Motion to Dismiss (Doc. 62).

**DONE AND ORDERED** in Jacksonville, Florida, on January 25, 2023.

MARCIA MORALES HOWARD
United States District Judge

lc30
Copies to:

Counsel of Record